**NOT FOR PUBLICATION**

JUL 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL E. SPENCER,

                Petitioner - Appellant,

   v.

RICHARD J. KIRKLAND,

                Respondent - Appellee.

No. 09-16014

D.C. No. 3:05-cv-04338-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 20, 2012[**]
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.[***]

    Michael Spencer was sentenced to state prison for 121 years to life after a

jury found him guilty of committing three robberies and being a felon in

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Sarah S. Vance, Chief District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

possession of a firearm. During his trial, Spencer was visibly restrained. Spencer argues that the manner in which he was restrained was an unreasonable application of Supreme Court precedent and based on an unreasonable determination of the facts. The district court denied Spencer's request for habeas relief. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Spencer does not challenge the trial court's finding of a manifest need for physical restraints, and the record supports such a finding. Instead, he argues that the trial court failed to use less restrictive alternatives that would have allowed him increased movement and would have been less obvious to the jury.

The Supreme Court recognizes that "the Constitution forbids the use of visible shackles during [trial], *unless* that use is 'justified by an essential state interest'—such as the interest in courtroom security—specific to the defendant on trial." *Deck v. Missouri*, 544 U.S. 622, 624 (2005). The Court has not, however, "mandat[ed] specific procedures or evidence that must be considered before imposing restraints." *Crittenden v. Ayers*, 624 F.3d 943, 972 (9th Cir. 2010).

Because Spencer fails to cite to Supreme Court precedent requiring that the trial court pursue less restrictive alternatives to his restraints, and because the state court's determination of the facts was not unreasonable, the district court properly denied habeas relief.

2

AFFIRMED.